IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

SCOTT EUGENE DYER, # CZ-5615          :

    Petitioner                             :

    v.                                     :          Civil Action No: CCB-09-1220

LOUIS FOLINO                           :

    Respondent                             :

. . .o0o. . .

**MEMORANDUM**

    Before the Court is a petition for writ of habeas corpus filed pro se by Scott Eugene Dyer, an inmate in the custody of the Pennsylvania Department of Corrections and confined at the State Correctional Institution- Green in Pennsylvania, requesting dismissal of a detainer lodged against him by the State of Maryland and the charges on which that detainer is based.  Dyer asserts the detainer violates the Interstate Agreement on Detainers[1] because it is based on untried charges.  Counsel for the State of Maryland has filed a response.  After review of the pleadings, the court determines a hearing is unwarranted.  The petition will be dismissed as moot for reasons that follow.

    On May 8, 2000, the State of Maryland lodged a detainer against Dyer based on an arrest warrant issued by the District Court for Baltimore County in case number 0C00025564, which charged him with three criminal offenses and five traffic offenses.  The Pennsylvania Department of Corrections lifted the detainer on July 2, 2009, at the request of the Maryland State Police, after the

---

[1] Maryland and Pennsylvania are parties to the Interstate Agreement on Detainers. *See* Md. Code Correctional Services Article § 8-401 et seq. (2008 Replacement Volume); 42 P.A. C.S.A. Stat. § 9101 et seq., *see also* 18 U.S.C. Appendix 2.

charges in that case were dismissed on June 1, 2009. Respondent's Exhibits 1-3.[2]

Petitioner has already received the relief he requests. The jurisdiction of federal courts is limited to live cases or controversies. U.S. Const. Art. III, § 1. When a case no longer presents a viable legal issue to resolve, the case becomes moot. *See Powell v. McCormick*, 395 U.S. 486, 496 (1969). Where, as here, developments occur during the course of a case which render the court unable to grant a party the relief requested, the case must be dismissed as moot. *See Blanciak v. Allegheny Ludlum Co.*, 77 F.3d 690, 698-99 (3d Cir.1996). Accordingly, the petition shall be dismissed as moot by separate order.

September 16, 2009                           ___/s/_____
 Date                                              Catherine C. Blake
                                                                   United States District Judge

---

[2] Dyer states that he informed the prisoner record officer that he wanted to request removal of the detainer, but the officer did not respond. Dyer does not allege that he ever completed an IAD Form II Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictment and sent it to Baltimore County, as is required under statute. See 18 U.S.C. Appendix 2; Art. III(a); Md. Code Corr. Serv. Art § 8-405(a).